IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYSOMON JACKSON, <br><br> Petitioner, <br><br> vs. <br><br> ADA PEREZ, Superintendent, Downstate Correctional Facility, <br><br> Respondent. | No. 9:15-cv-00688-JKS <br><br> MEMORANDUM DECISION |

Raysomon Jackson, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Jackson is in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at Downstate Correctional Facility. Respondent has answered, and Jackson has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On March 18, 2009, Jackson was charged with first-degree murder, second-degree murder, first-degree robbery, and second-degree criminal possession of a weapon in connection with the death of Ruel Torak in the course of a robbery. On direct appeal of his conviction, the Appellate Division of the New York Supreme Court described the following facts underlying Jackson's case:

> In February 2009, the frozen body of the victim was found lying among piles of garbage in a long abandoned building at 810 Broadway in the City of Albany. The victim had been killed by a gunshot wound to the head. Following the discovery of the victim's blood in [Jackson's] vehicle—which had been found nearby, on fire, in January 2009—[Jackson] was charged in an indictment with one count each of murder in the first degree, murder in the second degree (felony murder), robbery in the first degree and criminal possession of a weapon in the second degree. The matter proceeded to a jury trial, at the close of which [Jackson] was acquitted of murder in the first degree, but convicted of felony murder and criminal possession of a weapon in the second degree.

> He was sentenced, as a second felony offender, to an aggregate prison term of 25 years to life, to be followed by five years of postrelease supervision.

*People v. Jackson*, 954 N.Y.S.2d 679, 680 (N.Y. App. Div. 2012).

Through counsel, Jackson appealed his conviction, arguing that: 1) the jury's verdict was against the weight of the evidence; 2) the prosecution improperly used hearsay and bolstered its witnesses; 3) the court erred in its *Sandoval*[1] ruling which allowed the prosecutor's prejudicial use of prior bad acts; and 4) the sentence imposed was harsh and excessive. Jackson also submitted a *pro se* supplemental brief in which he argued that: 1) the trial court erred in allowing rebuttal testimony; 2) trial counsel was ineffective for presenting a "mere general appli[ca]tion for a trial order of dismissal;" and 3) trial counsel was ineffective for failing to object to the prosecutor's misconduct. The Appellate Division unanimously affirmed the judgment against Jackson in a reasoned decision issued on November 29, 2012. *Jackson*, 954 N.Y.S.2d at 683. Jackson sought leave to appeal to the New York Court of Appeals, raising only the claims raised in the counseled Appellate Division brief. The Court of Appeals denied the application without comment on June 14, 2013. *People v. Jackson*, 993 N.E.2d 1279, 1279 (N.Y. 2013). Jackson moved for reconsideration, which the Court of Appeals summarily denied on August 22, 2013. *People v. Jackson*, 995 N.E.2d 856, 856 (N.Y. 2013).

Jackson then filed in the Appellate Division a *pro se* motion for a writ of error coram nobis, in which he argued that his appellate counsel was ineffective because she failed to raise a

---

[1] *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974) (a shorthand reference to the New York procedure for determining in advance whether evidence of prior crimes is admissible for impeachment purposes in the event the defendant testifies).

number of meritorious claims. The Appellate Division denied the motion without comment on August 21, 2014. The record does not indicate that Jackson appealed from the denial.

Again proceeding *pro se*, Jackson moved in county court to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that trial counsel was ineffective for failing to: 1) adequately advise Jackson about the possibility of invoking a justification defense; and 2) investigate and explore other defenses. The county court denied the motion on procedural grounds and on the merits in a reasoned, unpublished opinion issued on January 9, 2015. Jackson sought leave to appeal, which the Appellate Division denied on April 30, 2015.

While his CPL § 440.10 motion was pending, Jackson timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on June 2, 2015.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Jackson raises three ineffective assistance of counsel claims. First, he argues that trial counsel was ineffective for failing to raise an adequately-specific motion for a trial order of dismissal. He also contends that trial counsel should have more thoroughly advised him of the availability of a justification defense. Finally, he asserts that trial counsel failed to adequately investigate the case and possible defenses.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination

3

of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S.

4

722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.   Exhaustion

Respondent urges the Court to dismiss Jackson's Petition as unexhausted. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Further, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted); *see also Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991).

As Respondent notes, Jackson states for the first time in this Petition that the alibi defense he presented at trial was a lie and that he killed the victim in self-defense. Although he argued before the state courts that counsel should have more fully explained the justification defense to him, it appears that Jackson is now arguing that his trial counsel was ineffective for failing to discern that the killing was in self-defense and affirmatively assert a justification defense. Because he did not raise this claim to the state courts, the claim is unexhausted.

Jackson also claims that counsel was ineffective for failing to raise an adequately-specific motion for a trial order of dismissal. Although he raised that claim in his *pro se* supplemental appellate brief, appellate counsel did not raise that claim to the Court of Appeals in Jackson's leave application.[2] That claim is therefore unexhausted as well. Further, his unexhausted claims

---

[2] Appellate counsel's letter, which is included in the record before this Court, indicates that the *pro se* supplemental brief was enclosed in the leave application. However, appellate counsel did not mention any of the issues asserted in Jackson's supplemental *pro se* brief, and Jackson did not file a *pro se* leave application. It therefore does not appear that Jackson "fairly presented" those claims to the New York Court of Appeals. *See Jordan v.*

are procedurally barred. *See Grey*, 933 F.2d at 120-21. Because Jackson may not now return to state court to exhaust these claims, the claims may be deemed exhausted but procedurally defaulted from habeas review.³ *See Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001).

B.      Merits

In any event, even if Jackson had fully exhausted those claims, he still would not be entitled to relief on them. For the reasons discussed below, the Court also denies relief on the merits of his unexhausted ineffective assistance claims. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the

---

*Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000) (finding that appellate counsel's "arguing one claim in his letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction").

³       This Court has the discretion, but is not obligated, to stay these proceedings and hold the unexhausted claims in abeyance pending exhaustion in the state courts. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Even if Jackson could establish the requisite good cause for failing to exhaust his claims, which does not appear from his filings, *Rhines* would still require that the Court deny his stay request because, as discussed *infra*, the claims are "plainly meritless." *Rhines*, 544 U.S. at 277. Likewise, a stay would be futile because, as discussed *supra*, a New York court would deny the claims as procedurally defaulted.

defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Thus, Jackson must show that his counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

New York's test for ineffective assistance of counsel under the state constitution differs slightly from the federal *Strickland* standard. "The first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (citing *People v. Turner*, 840 N.E.2d 123 (N.Y. 2005)). The difference is in the second prong. Under the New York test, the court need not find that counsel's inadequate efforts resulted in a reasonable probability that, but for counsel's error, the outcome would have been different. "Instead, the 'question is whether the attorney's conduct constituted egregious and prejudicial error such that the defendant did not receive a fair trial.'" *Id.* at 123 (quoting *People v. Benevento*, 697 N.E.2d 584, 588 (N.Y. 1998)). "Thus, under New York law the focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'" *Id*. (quoting *Benevento*, 697 N.E.2d at 588). "The efficacy of the attorney's efforts is assessed by looking at the totality of

8

the circumstances and the law at the time of the case and asking whether there was 'meaningful representation.'" *Id.* (quoting *People v. Baldi*, 429 N.E.2d 400, 405 (N.Y. 1981)).

The New York Court of Appeals views the New York constitutional standard as being somewhat more favorable to defendants than the federal *Strickland* standard. *Turner*, 840 N.E.2d at 126. "To meet the New York standard, a defendant need n ot demonstrate that the outcome of the case would have been different but for counsel's errors; a defendant need only demonstrate that he was deprived of a fair trial overall." *Rosario*, 601 F.3d at 124 (citing *People v. Caban*, 833 N.E.2d 213, 222 (N.Y. 2005)). The Second Circuit has recognized that the New York "meaningful representation" standard is not contrary to the federal *Strickland* standard. *Id.* at 124, 126. The Second Circuit has likewise instructed that federal courts should, like the New York courts, view the New York standard as being more favorable or generous to defendants than the federal standard. *Id.* at 125.

Jackson's ineffective assistance claims must fail, however, even under the more favorable New York standard. Jackson first contends that trial counsel was ineffective because he made only a general motion for a trial order of dismissal and therefore failed to properly preserve the legal insufficiency issue for appellate review. However, because the Appellate Division examined the merits of Jackson's legal insufficiency claim notwithstanding the lack of preservation, Jackson cannot demonstrate that he was prejudiced by counsel's omission. *See, e.g.*, *Waters v. McGuiness*, No. 99–CV–0615, 2003 WL 21508318, at \*3 (E.D.N.Y. June 16, 2003) (where Appellate Division reached the merits of unpreserved legal insufficiency claim on direct appeal and held that the verdict was legally sufficient and not against the weight of the evidence, petitioner was not prejudiced even if counsel was ineffective for failing to preserve the

9

claim), *aff'd*, 99 F. App'x 318 (2d Cir.2004); *accord Swail v. Hunt*, 742 F. Supp. 2d 352, 360 (W.D.N.Y. 2010).

As to counsel's decision not to pursue a justification defense, this represents a tactical choice that is "virtually unchallengeable." *Strickland*, 466 U.S. at 690. It is true that a justification defense was not absolutely precluded by Jackson's alibi defense. *See People v. Steele*, 260 N.E.2d 527, 529 (N.Y. 1970) (assertion of alibi defense does not preclude justification defense); *see also People v. Butts*, 533 N.E.2d 660, 662 (N.Y. 1988) ("It is established New York case law that a defendant's entitlement to a charge on a claimed defense is not defeated solely by reason of its inconsistency with some other defense raised or even with the defendant's outright denial that he was involved in the crime."). However, counsel could reasonably have concluded that the two defenses were inconsistent and that to assert justification would have undermined the alibi defense. Moreover, there was no evidence to support a justification defense. There is nothing in the record to indicate that the victim was armed with a gun when he went to buy drugs from Jackson. Counsel was therefore not ineffective for having failed to raise a justification defense based on pure speculation that the victim may have possessed a gun.

Nor can Jackson show that counsel was ineffective for failing to further investigate Jackson's case or that, upon further investigation, counsel would have discovered that Jackson had a viable justification defense. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. But with respect to a claim that an attorney did not adequately pursue investigative leads, although defense counsel has a general duty to conduct reasonable investigation, a claim

of ineffective assistance based on such an argument requires that the petitioner provide evidence that undermines confidence in the jury's verdict. *Castellano v. United States*, 795 F. Supp. 2d 272, 279 (S.D.N.Y. 2011); *see also United States v. Wilson*, 146 F. Supp. 3d 472, 479-80 (E.D.N.Y. 2015). The duty to reasonably investigate does not "compel counsel to investigate comprehensively every lead or possible defense or to scour the globe on the off-chance something will turn up." *Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) (citations and quotation marks omitted). Moreover, a decision not to pursue an investigation may not be challenged as unreasonable "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless." *Strickland*, 466 U.S. at 691.

Here, Jackson's unwavering alibi would likely have led counsel to believe that any investigation into a justification defense would have been futile, and indeed, would have undermined the alibi defense. *See Robinson v. Senkowski*, 100 F. App'x 10, 11 (2d Cir. 2004) (Counsel was not ineffective for "failing to investigate two potential alibi witnesses" because "[t]he alibi that would have been offered by the two potential witnesses contradicted the alibi offered at trial. Therefore, it was a legitimate trial strategy not to investigate or present witnesses who would have provided defendant with an alternative alibi."). Notably, although Jackson complains that counsel "mentioned a justification defense, but never explained what a justification defense was," Jackson never alleged in his declarations that he told counsel that he was present and shot the victim in self defense. Jackson therefore fails to show that counsel had a reason to more fully explain or investigate a justification defense, and Jackson is not entitled to relief.

## V. CONCLUSION

Jackson is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: October 24, 2016.

    /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge